**DENIED and Opinion Filed December 2, 2024**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-24-01383-CR**

**IN RE REMON RAWLINS, Relator**

**Original Proceeding from the 199th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 199-82625-2023**

## MEMORANDUM OPINION

Before Justices Pedersen, III, Smith, and Garcia
Opinion by Justice Pedersen, III

Before the Court is relator Remon Rawlins's November 22, 2024 petition for writ of mandamus.

In his petition, relator requests various forms of relief in his criminal case pending in the trial court, including orders compelling: (1) an audit of ex parte communications between the trial judge and an assistant district attorney, (2) the Office of the Collin County District Attorney to disclose information concerning the destruction of evidence, (3) the trial court to file findings of fact and conclusions of law concerning the denial of relator's motion to suppress, and (4) the trial court to

vacate or reconsider the denial of relator's motion to suppress. We deny the requested relief.

A relator bears the burden of providing the Court with a record that is sufficient to show he is entitled to mandamus relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding); *In re Skinner*, No. 05-23-00930-CV, 2023 WL 6618295, at *1 (Tex. App.—Dallas Oct. 11, 2023, orig. proceeding) (mem. op.). To meet that burden, the relator's petition must contain, among other things, a certification stating that the person filing the petition "has reviewed the petition and concluded that every factual statement in the petition is supported by competent evidence included in the appendix or record." Tex. R. App. P. 52.3(j).

Here, relator signed a verification stating, "I, Remon Rawlins, declare under penalty of perjury that the foregoing statements are true and correct." This is not a proper Rule 52.3(j) certification. *See* Tex. R. App. P. 52.3(j); *In re Stewart*, No. 05-19-01338-CV, 2020 WL 401764, at *1 (Tex. App.—Dallas Jan. 24, 2020, orig. proceeding) (mem. op.) ("To comply with prior opinions of this Court that interpret the mandamus rules, a relator should use the exact words of rule 52.3(j) without deviation in their certification."). This defect alone provides grounds for denying relator's mandamus petition. *See In re Integrity Mktg. Grp., LLC*, No. 05-24-00922-CV, 2024 WL 3770377, at *1 (Tex. App.—Dallas Aug. 13, 2024, orig. proceeding) (mem. op.) (denying mandamus relief based solely on lack of rule 52.3(j) certification).

Rule 52.3 requires the relator to file with his petition an appendix that contains "a certified or sworn copy of any order complained of, or any other document showing the matter complained of." TEX. R. APP. P. 52.3(k)(1)(A). The relator is further required to file with his petition (1) "a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding" and (2) "a properly authenticated transcript of any relevant testimony from any underlying proceeding, including any exhibits offered into evidence, or a statement that no testimony was adduced in connection with the matter complained." TEX. R. APP. P. 52.7(a). Because relator failed to provide this Court with a certified petition and authenticated record, relator has failed to carry his burden to provide a sufficient record. *Skinner*, 2023 WL 6618295, at *1.

Further, relator's petition does not include a "clear and concise argument for the contentions made, with appropriate citations to authorities and to the appendix or record." TEX. R. APP. P. 52.3(h). The petition is also missing the following: a list identifying the parties and counsel, a table of contents, an index of authorities, a statement of the case in compliance with Rule 52.3(d), a statement of jurisdiction, a statement of the issues presented, and a statement of facts supported by citations to competent evidence included in an appendix or record. TEX. R. APP. P. 52.3(a), (b), (c), (d)(1)–(3), (e), (f), (g).

Accordingly, we deny relator's petition for writ of mandamus.

241383f.p05
Do Not Publish
TEX. R. APP. P. 47.2(b)

/Bill Pedersen, III//
BILL PEDERSEN, III
JUSTICE